IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROY HUNT,**

                **Plaintiff,**

v.                                             Civil Action No. 3:21cv539

**P. McCABE,** *et al.,*

                **Defendants.**

## MEMORANDUM OPINION

Roy Hunt, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on December 14, 2021, the Court directed Hunt to file a particularized complaint. (ECF No. 14.)[2]

On January 13, 2022, Hunt filed his First Particularized Complaint. (ECF No. 15.) In submitting the First Particularized Complaint, Hunt ignored a number of instructions the Court provided with respect to filing a particularized complaint. Specifically, Hunt failed to number his paragraphs and failed to include separately captioned sections, wherein he identified each civil right violated and explained why each defendant was liable to him. Accordingly, by Memorandum Order entered on February 24, 2022, the Court again directed Hunt to file an

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and capitalization in the quotations from Hunt's submissions.

appropriate particularized complaint. (ECF No. 17.) On March 23, 2022, Hunt submitted his Second Particularized Complaint. (ECF No. 18.)

In both the December 14, 2021 Memorandum Order and the February 24, 2022 Memorandum Order, the Court warned Hunt that if he failed to submit an appropriate particularized complaint that comported with the joinder requirements, the Court would dismiss all defendants not properly joined with the first named defendant. (ECF No. 17, at 2–3; ECF No. 14, at 3.) The matter is before the Court on the Motion to Dismiss filed by Defendants Cundiff, Gilbertson, Gillus, Halom,[3] Summerville, and Whitehead under Federal Rule of Civil Procedure 20(a).[4] (ECF No. 36.) For the reasons set forth below, the Court will dismiss a number of Hunt's claims as improperly joined and deny the Motion to Dismiss as moot.

## I. Joinder

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330,

---

[3] Hunt listed this defendant as "Medical Secretary R. Harlom." (ECF No. 18, at 1.) The Court utilizes the spelling for this defendant's name from the Memorandum in Support of the Motion to Dismiss. (ECF No. 37, at 1.)

[4] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

2

1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide plaintiffs free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person— say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the [Prison Litigation Reform Act, (the"]PLRA["],] include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

3

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

## II. Dismissal of Improperly Joined Claims

In his Second Particularized Complaint, Hunt names ten defendants: Nurse McCabe, Nurse Procice, Medical Secretary Halom, Lieutenant Whitehead, Lieutenant Cundiff, Sargent Summerville, Unit Manager Gilbertson, Assistant Warden Jerry, Food Service Assistant Director Gillus, and Armor Healthcare. (ECF No. 18, at 1.) The first named defendant in the Second Particularized Complaint is Medical Secretary Halom, who worked at *Nottoway Correctional Center*. (ECF No. 18, ¶ 6.) Hunt's primary complaint concerns the denial of appropriate care for his thyroid disease in violation of the Eighth Amendment.[5] As relevant here, Hunt begins his Second Particularized Complaint by alleging that, on October 3, 2019, he was scheduled to go to an endocrinology specialist at Virginia Commonwealth University Hospital to start radiation treatment on his thyroid. (ECF No. 18, ¶ 6.) Hunt was wearing boots, instead of the step-in shoes the Virginia Department of Corrections requires inmates to wear to outside appointments. (ECF No. 18, ¶ 6.) Hunt had a medical order, known as a boot profile, that provided for him to wear boots to outside appointments. (ECF No. 18, ¶ 6.) Captain Bowls contacted the medical department and was informed by Medical Secretary Halom, Nurse McCabe, and Nurse Procice "that they did not see a boot profile in plaintiff's medical records." (ECF No. 18, ¶ 6.) Because Hunt could not wear the step-in shoes and Hunt refused to remove his boots for the appointment, he was not permitted to go to the appointment. (ECF No. 18, ¶¶ 6–9.) Nurse McCabe then gave "false information that plaintiff refused his visit to the hospital." (ECF No. 18, ¶ 9.)

---

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

However, after these initial allegations, Hunt's Second Particularized Complaint veers into a variety of other claims, including claims of retaliation against Unit Manager Gilbertson and claims that Sargent Summerville and Lieutenant Cundiff failed to provide him with a bottom bunk. Specifically, Hunt raises the following claims in his Second Particularized Complaint.

| | |
|---|---|
| Claim One | In violation of Hunt's Eighth Amendment right to adequate medical care: (a) Medical Secretary Halom, Nurse McCabe and Nurse Prosise failed to provide Captain Bowls with accurate information about Hunt's boot profile which prevented Hunt from seeing an endocrinologist for his thyroid. (ECF No. 18, ¶¶ 26, 27(a).)[6] (b) Additionally, "Nurse Procice and Nurse McCabe never set a new appointment for plaintiff to go to Virginia Commonwealth University Hospital so could he start treatment on his thyroid." (ECF No. 18, ¶ 27(a).) (c) Nurse Procice and Nurse McCabe failed to ensure that Hunt received his thyroid medication. (ECF No. 18, ¶ 627(a).) |
| Claim Two | Medical Secretary Halom denied Hunt adequate medical care by repeatedly refusing to place Hunt on the master pass list to see nurses or doctors. (ECF No. 18, ¶ 26.) "Nurse Procice and Nurse McCabe refused [to put Hunt] on the sick call list to see the doctor numerous times that caused" Hunt's thyroid condition to get worse. (ECF No. 18, ¶ 27(a).) |
| Claim Three | On April 17, 2020, (ECF No. 18, ¶ 12), in retaliation for Hunt filing an informal complaint against Unit Manager Gilbertson, Gilbertson filed a false charge against Hunt, which caused Hunt to lose his job. (ECF No. 18, ¶ 27(b).) As a result of losing his job, Hunt was moved to a hotter building where he got sicker. (ECF No. 18, ¶ 29.) These actions violated Hunt's rights under: (a) the First Amendment[7] and (b) the Eighth Amendment. (ECF No. 18, ¶ 27(b).) |
| Claim Four | A doctor informed Lieutenant Whitehead and Assistant Warden Jerry that it was best that Hunt not be moved to a hotter building. (ECF No. 18, ¶ 29.) Lieutenant Whitehead and Assistant Warden Jerry moved Hunt to a hotter building where Hunt got sicker. (ECF No. 18, ¶ 29.) This action |

---

[6] Hunt includes two paragraph number 27s in his Second Particularized Complaint. The second paragraph number 27 comes after paragraph number 28. The Court refers to the first paragraph 27 as ¶ 27(a) and the second paragraph as ¶ 27(b).

[7] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

|  |  |
|---|---|
|  | amounted to deliberate indifference in violation of the Eighth Amendment. (ECF No. 18, ¶ 29.) |
| Claim Five | Hunt wears a knee brace and had a medical order for a bottom bunk. (ECF No. 18. ¶ 30.) Sargent Summerville and Lieutenant Cundiff refused to move Hunt to cell with an available bottom bunk, which caused Hunt to faint from exhaustion and strike his head. (ECF No. 18, ¶ 30.) Sargent Summerville and Lieutenant Cundiff acted with deliberate indifference in violation of the Eighth Amendment. (ECF No. 18, ¶ 30.) |
| Claim Six | After Hunt was transferred to Greensville Correctional Center, the head physician prescribed a Kosher diet for Hunt. (ECF No. 18, ¶ 31.) Assistant Food Service Supervisor Gillus refused to provide Hunt with a Kosher diet in violation of Hunt's rights under the Eighth Amendment. (ECF No. 18, ¶ 31.) |
| Claim Seven | Armor Health Care has history and practice of providing inadequate medical care in violation of the Eighth Amendment. (ECF No. 18, ¶ 32.) |

Hunt has made only a limited effort to comply with the joinder requirements. Hunt has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Accordingly, the Court now proceeds with the analysis outlined in the December 14, 2021 and the February 24, 2022 Memorandum Orders, and the Court will drop all defendants not properly joined with the first named defendant in the body of the Second Particularized Complaint.[8] The first named defendant in the body of the Second Particularized Complaint is Medical Secretary Halom. (ECF No. 18 ¶ 6.) The only other defendants properly joined with Medical Secretary Halom, are Nurse Procice, Nurse McCabe, and Armor Health Care. The claims against these four defendants arise directly from the denial

---

[8] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, 2010 WL 724023, at *8 n.10 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

of adequate medical care for Hunt's thyroid disease, primarily at *Nottoway Correctional Center*. Hunt's claims against Nottoway Unit Manager Gilbertson for retaliation by filing a false charge and claims about transferring buildings and about being denied a bottom bunk within *Nottoway Correctional Center*, are not reasonably related to Hunt's claims against Medical Secretary Halom.

Additionally, Hunt's claims about not receiving a Kosher Diet at *Greensville Correctional Center* are not reasonably related to his claims against Medical Secretary Halom at *Nottoway Correctional Center*. Permitting joinder of these claims with their additional defendants would unnecessarily complicate matters and unduly delay any resolution of the reasonably related claims against Defendants Halom, Procice, McCabe, and Armor Health Care. *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (citation omitted). Accordingly, Claims Three (a) and (b), Four, Five, and Six will be DISMISSED WITHOUT PREJUDICE as improperly joined.

### III. CONCLUSION

Claims Three (a) and (b), Four, Five, and Six will be DISMISSED WITHOUT PREJUDICE as improperly joined. Defendants Cundiff, Gilbertson, Gillus, Halon, Summervile, and Whitehead moved to dismiss Claims Three (a) and Three (b). Because those claims have been dismissed, the Motion to Dismiss, (ECF No. 36), will be DENIED AS MOOT. Any party wishing to file a motion for summary judgment, must do so within sixty (60) days of the date of entry hereof. An appropriate Order will accompany this Memorandum Opinion.

Date: 1/20/2023
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge