IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY HUNT,

    **Plaintiff,**

v.                                        Civil Action No. 3:21cv539

P. McCABE, *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Roy Hunt, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this civil rights action. The matter is before the Court on Hunt's failure to serve Defendant Nurse Procice within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Hunt had ninety days from the filing of the complaint to serve Defendant Nurse Procice. Here, that period commenced on May 19, 2022.[2] By Memorandum Order entered on February 23, 2023, the Court directed Hunt to show good cause for his failure to serve Defendant Nurse Procice within the time required by Rule

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

4(m).³  Hunt failed to respond to that Memorandum Order or otherwise show good cause for his failure to timely serve Defendant Nurse Procice. Accordingly, all claims against Nurse Procice will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 1/17/2024  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

---

³ As detailed in the February 23, 2023 Memorandum Order, counsel for Armor Health Care erroneously accepted service of process for Defendant Nurse Procice. (ECF No. 62.) Armor Health Care explained that they never employed an individual named Nurse Procice or any name resembling Nurse Procice at Nottoway Correctional Center. (*Id.* at 1–2.)